RECEIVED
Dec. 21, 2007
DEC 21 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COIURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONEICE JOHNSON,<br>Accurate Services Group<br>Plaintiff,<br><br>v.<br><br>EQUIFAX CREDIT BUREAU<br>Defendant. | 07CV7170<br>JUDGE DER YEGHIAYAN<br>MAG. JUDGE COLE<br><br>) Damage Claimed $ 10,800.00<br>)<br>)<br>) |

### COMPLAINT

Now comes Plaintiff, DONEICE JOHNSON, pro se, and hereby states as follows:

1. Plaintiff alleges that Defendant is displaying frequency and persistence of negligent non-compliance of the laws in the Fair Credit Reporting Act (FCRA), other credit reporting laws, and the laws of the Fair Trading Act (FTA).

2. Plaintiff alleges that defendant consistently displayed failure to exercise the care of my disputes and do not act as a reasonably prudent bureau would. The Defendant acts in negligent non-compliance of the laws in the FCRA, other credit reporting laws, and the laws of the FTA.

3. Plaintiff alleges that because the Defendants unlawfully denied the request of Plaintiff to modify or delete one of Plaintiffs disputes, Plaintiff lost a large account with a major Banking Institution, evidence of this referral alliance indicated by the attached e-mails as "Exhibit B."

4. This alliance, which would have generated 5-6 new clients weekly, at a fee cost of $600.00 per client. The loss of client referrals amounting in a loss of $3600.00 per week. Plaintiff's did in fact lose this alliance due to Defendant's negligent non-compliance with the laws in protecting the Plaintiff and all consumers from this type of misleading credit reporting, which is the law that Plaintiff depended on to win a favorable outcome of this matter. To date plaintiff has not recouped the loss of this major account.

5. Plaintiff states that this particular client was to be a "trial client" and that Plaintiff did point out the laws evidencing a misrepresentation and inaccuracy in the reporting of this item. Because the Defendant did not act in due diligence, acting instead in negligence, this resulting in our charge of negligent non-compliance of the laws in place that protects against this disrespect of the laws.

6. Plaintiff did in fact prove that the reporting of this item was misleading due to the circumstances and therefore inaccurate as the Tradeline in question, would apply under laws claiming, "misleading, thereby inaccurate Tradeline reporting." Again, evidenced by documentation produced and attached as Exhibit A. Plaintiff alleges that Defendant errored in deciding against deleting the disputed item of which should have been deleted according to the laws of credit reporting.

7. Plaintiff alleges that the defendant is in direct negligent non-compliance of the laws of FCRA, FDCPA, which states that if consumer is able to prove an inaccuracy, or prove misleading in nature of reporting, the Credit Bureau is to immediately update or delete the disputed item. In this particular case, Plaintiff refused to delete or update the proven disputed information.

> § 611. [15 U.S.C. § 1681i] "_promptly delete that item of_ information from the file of the consumer, or modify that item of information

8. Plaintiff alleges that Defendant is attempting to monopolize the market of Credit Standing as evidenced by the defaming of "credit repair" and Defendants repeated negligent non-compliance with the laws of the Fair Credit Reporting Act, negligently allowing non-compliance of the other laws regarding credit reporting, as well as the laws of Fair Business Practice Act.

9. Plaintiff further alleges that Defendant practices conspiring to Allocate the Market of Credit by attempting to keep favor of its clients the Creditors by repeatedly ignoring, and negligently not complying with the laws. This consistent practice of the defendant is driving potential customers away because consumers helplessly settle for unfair credit reporting.

10. This blatant negligent non-compliance of the FCRA Plaintiff is in violation under

> *§ 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] (a)*
> *In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of*
> *(1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.*

11. and FDCPA has hugely impacted the business of Plaintiff amounting in financial distress. Defendant is taking advantage of Plaintiff's position, as it is one of the only 3 reporting agencies that are in positions to help consumers with their disputes and have attempted to monopolize the market. Plaintiff is in direct violation of the Fair Trading Act which states you may not:

> *"take unfair advantage of vulnerable customers, which is also known as unconscionable conduct. This may occur where customers have no alternative than to do business with you (for example, you may be the only*

> *shop in a country town) or where you have a product or service that is in high demand"*

The Fair Trading Act also states that:

> **"consumers and businesses also have a right to compensation through the courts for any loss or damage that occurs due to the law being broken"**

12. Plaintiffs allege that Defendants don't want to change their methods because they don't want to upset their clients who extend credit, which as a result; they are practicing unfair business practices resulting in loss for consumers like myself.

13. As a result of the unethical business nature, total negligent non-compliance of the laws, Plaintiff has incurred a huge financial loss due to the lack of confidence my fellow consumers has with me because it appears to the consumer that laws in place protecting the consumer are not enforceable.

**WHEREFORE** Plaintiff prays this Court finds relief as follows:

a. Defendant ordered to update the Credit Report Tradeline of dispute by the grating of the request to remove the disputed item immediately.

b. Defendant ordered to pay loss of fees incurred by the loss of a large account with a major Banking Institution, which would have generated 5-6 clients weekly, at a fee cost of 600.00 per client. The loss of client referrals amounting in a loss of 3600.00 per week, from September 2007, which retroactively amounts to a total loss of 10,800.

Respectfully Submitted,

*Doneice Johnson*

Doneice Johnson
Pro Se
P.O. Box 178194
Chicago, IL 60617
773-221-3660
773-220-4773

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief dated this 21st day of December, 2007.

*Doneice Johnson*

Page 3 of 3

# Accurate Services Group 5-Credit

P.O. Box 178194, Chicago, Illinois 60617
773-221-3660
accsvcgroup@yahoo.com

*This is an attempt to correct a debt, any information obtained will be used for that purpose. Accurate Services Group is acting on behalf of **James Bennett** as indicated by the enclosed Authorization, please forward any and all correspondence regarding same to both **James Bennett** and our offices.*

August 24, 2007

Equifax
1550 Peachtree St. MD-H13
Atlanta, GA 30309

RE:   *James Bennett; SS# 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; DOB:4/1963*
      *Public Record Item: Bankruptcy; Chapter 13*

Dear Sir/Madam,

In a recent copy of the above referenced Credit Report, I've noticed <u>inaccurate information and misleading</u> information regarding the above referenced Public Record Tradeline of Bankruptcy you have listed. We are herby disputing the accuracy and alleging misleading and misrepresentation of the character of Mr. James Bennett by the reporting of the above listed Public Record Bankruptcy.

We have provided as documentation proof **"Exhibit A"** which is proof that Consumer filed a Complaint against his lawyer for 1st Bankruptcy, reflecting the fact that Consumer's attorney possibly did not properly advise him in proper procedures including "whom to make the money order out to," direct proof of simple misrepresentation which led to filing of the 2nd above listed Bankruptcy. Consumer displays further lack of proper representation in his 1st Bankruptcy filing as he later needed to re-insert debt through a 2nd filing (above referenced Public Record). This same debt necessitated the additional bankruptcy filing, again, simply to insert same debt that was to be included in original Bankruptcy. Again, this showing of Public Record does not imply the confused state of this situation, instead it is <u>misleading</u> because it implies that the consumer had incurred more debt which necessitated another Bankruptcy filing which was not the case. The reporting of this Public Record Bankruptcy implies <u>misleading representation of consumers character.</u>

We also allege that by listing this Public Record you are also implying <u>misleading information</u> as the attorney the consumer hired, did error in the handling of this consumer's 1st Bankruptcy as evidenced by the enclosed "Exhibit A," but because you have listed this Bankruptcy, it is <u>falsely misleading and giving false implications.</u>


EX. A

Equifax; TransUnion; Experian
August 24, 2007
Page 2 of 3

As documented evidenced see **Exhibit B"** a Credit Report from Kroll Factual Data Bureau, listing *Wilshire Credit Corp, opened in 1995*, however was still being reported, which, *judging from date opened* should have been included in 1997 Bankruptcy filing, also indicative of why consumer had need to re-file Bankruptcy. See **"Exhibit C"** which is proof of need for legal representation of this Bankruptcy through withdrawal from practice of law from his then-counsel. All this is <u>misleading</u> as to why consumer filed Bankruptcy, therefore this bankruptcy should be deleted.

Due to these numerous inaccuracies and the direct misleading nature of your listing, we are therefore requesting that you delete Public Record Bankruptcy. I am therefore notifying you that you are in direct violation of the following Fair Credit Reporting Acts which demand your compliance:

>  **Accuracy**
>  **FCRA Sect. 611. *Procedure in case of disputed accuracy [15 U.S.C. § 1681i]* if <u>the completeness or accuracy of any item of information</u>** *contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, conduct a reasonable reinvestigation …… <u>delete the item from the file in accordance with paragraph (5), before the end of the 30-day period</u> beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.* **Accuracy FCRA Sect. 602.** *[15 U.S.C. § 1681] (a) Accuracy and fairness of credit reporting.(b) The (b) Reasonable procedures. This law a requires that consumer reporting agencies adopt reasonable procedures with regard to <u>the accuracy of information</u> in accordance with the requirements of this title.*
>
>  **Misleading**
>  **FDCPA Act Sect. 807** *[15 U.S.C. 1692e] False or misleading representations. A debt collector may not use any false, deceptive, or <u>misleading representation</u> or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) <u>The false representation of--(A) the character,</u> amount, or legal status of any debt*
>
>  **We further request that you also be in compliance by not <u>re-inserting this inaccurate information in compliance with the below FCRA:</u>**


Ex. A

Equifax; TransUnion; Experian
August 24, 2007
Page 3 of 3

> **Reinsertion**
> *FCRA Sect. 611. Procedure in case of disputed accuracy [15 U.S.C. § 1681i] (i) Certification of accuracy of information. If any information is deleted from a consumer's file pursuant to subparagraph (A), the information may not be reinserted in the file by the consumer reporting agency.*

If you do not <u>willfully comply</u> with the laws contained in the FCRA by immediately removing/deleting this item, we will not hesitate in filing a claim against you for damages as we are in position to do so as stated in:

> **FCRA Civil liability for willful noncompliance Sect. 616(a)(1)(A)[Sect.1681n]** *"Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000"*

Please delete this item from your records immediately as you are reporting inaccurate, and misleading information as to the character of James Bennett by allowing this information to remain on his credit report.

I courteously ask for your prompt attention to this most important matter. Once you have updated this information, please furnish me a corrected copy of his credit report reflecting above listed deletion. Thank you for your prompt attention to this matter.

                                   Sincerely,

                                   *[signature]*
                                   Accurate Services Group
                                   On behalf of James Bennett

ASG/dj
Enclosure: Exhibits A, B, C; Credit Report Circled Item Page


EX. A

Accurate Services Group
P.O. Box 178194
Chicago, Illinois 60617
773-221-3650

## Authorization Agreement

I JAMES BENNETT hereby Authorize **ACCURATE SERVICES GROUP, OR ANYONE REPRESENTING ACCURATE SERVICES GROUP**, to act/speak on my behalf for the sole purpose of repairing disputed inaccurate credit information, negotiating settlement amounts, repayment plans, etc., as well as filing pro-se documents, all the above for the purposes of repairing the credit standing of JAMES BENNETT any and all information submitted/received will be used for this purpose.

SIGNATURE _[signature]_
CLIENT NAME PRINTED: JAMES BENNETT

Effective dates of this Authorization is 6 months, August 13, 2007 through February 13, 2008

DATED:

Aug. 16. 2007

EX. A

 

# ERIK A. MARTIN & ASSOCIATES
### ATTORNEYS AT LAW
407 SOUTH DEARBORN STREET
SUITE 400
CHICAGO, ILLINOIS 60605
TEL: (312) 913-0625
FAX: (312) 913-0631

June 25, 2001

Dorothy B. Zimbrakos, Counsel
Attorney Registration and Disciplinary Commission
One Prudential Plaza
130 East Randolph Drive
Chicago, Illinois 60601-6219

**RECEIVED**
JUN 2 8 2001
ATTY. REG. & DISC. COMM.
CHICAGO

Re: James Bennett
Case No. 97 B 37230
Complaint No. 01 CI 2591

Dear Ms. Zimbrakos:

Mr. Bennett's complaint has several factual inaccuracies. He did in fact file his case in December 1997; however he did not request adding additional creditors "shortly thereafter." A request to add the Internal Revenue Service was made in October 1999. The claim was processed, but was delayed because Mr. Bennett had made out the filing fee money order to the wrong party. Attached please find a copy of the letter of explanation to Mr. Bennett.

Mr. Bennett next asked us to include the debt owed to The Money Store, but as this portion of the debt was **post-petition**, it could not be added. Mr. Bennett was informed of this in our letter dated February 1, 2000, copy attached. The money order for the filing fee for the amended schedule was returned to him. During the same period of time, however, our office did file a motion to object to a claim by Bank One Wisconsin, and got the secured portion of the debt (which must be paid in full) reduced from $23,064.54 to $15,775.00.

Six months later, in June 2000, Mr. Bennett asked for an estimate on how long his case would go on. Our reply of June 6, 2000 (copy attached), gives him that information and also advises him that the telephone number he last gave us was no longer valid. The following month Mr. Bennett called to say he didn't understand why he still had to pay The Money Store debt (although this had been explained to him at least twice by now).



"Exhibit A"
TEX•A

1

# Kroll Factual Data | BUREAU EXPRESS

Residential Merged Credit Report

KROLL FACTUAL DATA, 5200 HAHNS PEAK DRIVE LOVELAND, CO 80538 800-766-5600 FAX 800-456-7669

## CONSUMER COPY

| | | | |
|---|---|---|---|
| LOYALTY MORTGAGE CORPORATION<br>2017 W IRVING PARK RD<br>CHICAGO, IL 60618<br>(866)380-1800 (708)229-2445 | Client Tracking<br>GEORGE<br>Client Code<br>1407-IL0957 | Requested by<br>Loyalty<br>Date requested<br>01/17/2007 | Report ID<br>71407BX00033888<br>Time requested<br>17:10:40 |

### Identification (as requested)

| Applicant's last name | First name | Middle | Suffix | DOB | Social Security |
|---|---|---|---|---|---|
| Bennett | James | | | | XXX-XX-2972 |

### Residence Information (as requested)

| | | | | | Telephone |
|---|---|---|---|---|---|
| Present | 3260 Magnolia Drive | Markham | IL | 60428 | |

### Credit Score Information

| Score | Repository | Brand | Type | SSN | Name | Code |
|---|---|---|---|---|---|---|
| 695 | Equifax | BEACON 5 | FICO | XXX-XX-2972 | BENNETT, JAMES L | BQ1 |

40 - Derogatory public record or collection filed
14 - Length of time accounts have been established
08 - Too many inquiries last 12 months
18 - Number of accounts with delinquency

| 676 | Experian | Fair Isaac | FICO | XXX-XX-2972 | BENNETT, JAMES | BX1 |

38 - Serious delinquency and public record or collection field
18 - Number of accounts delinquent
14 - Length of time accounts have been established
08 - Number of recent inquiries

| 665 | TransUnion | Classic 04 | FICO | XXX-XX-2972 | BENNETT, JAMES L | BU1 |

040 - Derogatory public record or collection filed
008 - Too many inquiries last 12 months
020 - Length of time since derogatory public record or collection is too short
013 - Time since delinquency is too recent or unknown
FACTA: Inquiries impacted the credit score.

### Credit History

| Creditor | Opened | Reported | High balance | Reviewed | 30 | 60 | 90+ | Pastdue | Payment | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| POPULAR MORTGAGE SRVCI 30001 | 09/05<br>Last active 12/06<br>Conventional | 12/06<br>BX1 BU1<br>BQ1 [Joint] | 159,920<br>High limit<br>— | 10 mos<br>Install (I1)<br>Mortgage (CNV) | 0 | 0 | 0 | -0- | 360X $1240 | 158,103 |
| CHASE MANHATTAN MTGE 16214 | 02/06<br>Last active 01/07<br>VA | 01/07<br>BX1 BU1<br>BQ1 [Ind] | 67,737<br>High limit<br>— | 7 mos<br>Install (I1)<br>Mortgage (VA) | 0 | 0 | 0 | -0- | 360X $662 | 66,862 |
| OCWEN LOAN SERVICING L 78775 | 09/05<br>Last active 12/06<br>Second | 12/06<br>BX1 BU1<br>BQ1 [Joint] | 39,980<br>High limit<br>— | 8 mos<br>Install (I1)<br>Second (MTG) | 0 | 0 | 0 | -0- | 360X $385 | 39,773 |
| WELLS FARGO 50237 | 07/06<br>Last active | 12/06<br>BX1 BU1 | 19,943<br>High limit | 6 mos<br>Install (I1) | 0 | 0 | 0 | -0- | 066X $443 | |

http://ops.factualdata.com/i/mainnc?WTBX(CONSUMERCOPY(I=ITn

"Exhibit B"


| Account | Opened | Reported | High balance | Reviewed | 30 | 60 | 90+ | Pastdue | Payment | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| **GEMB/SAMS CLUB** 77141 | 07/06 | 01/07 | — | 7 mos | 0 | 0 | 0 | -0- | Paid | -0- |
| | Last active 01/07 | BX1 BU1 BQ1 [Ind] | High limit 1,000 | Revolv (R1) Charge | | | | | | |
| **HEILGMEYRS** 59003 | 07/95 | 09/98 | 500 | 37 mos | 0 | 0 | 0 | -0- | Paid | -0- |
| | Last active — | BQ1 [Ind] | High limit — | Revolv (R1) Unknown | | | | | | |
| **HSBC NV** 54580 | 05/96 | 07/00 | 885 | 1 mos | 0 | 0 | 0 | -0- | $ — | — |
| | Last active 07/00 | BX1 [Ind] | High limit — | Revolv (R) Credit card | | | | | | |
| | Account transferred or sold 07/00; Account closed ||||||||||
| **HSBC NV** 54079 | 05/05 | 12/06 | 429 | 21 mos | 0 | 0 | 0 | -0- | Paid | -0- |
| | Last active 06/06 | BX1 BU1 BQ1 [Ind] | High limit 500 | Revolv (R1) Credit card | | | | | | |
| **NICOR GAS** 95177 | 10/06 | 01/07 | Unknown | 4 mos | 0 | 0 | 0 | -0- | Paid | -0- |
| | Last active 11/06 | BU1 [Ind] | High limit Unknown | Monthly (O1) Commercial | | | | | | |
| | Account closed by consumer 11/06 ||||||||||
| **NICOR GAS** 93090 | 04/94 | 09/06 | Unknown | 48 mos | 0 | 1 | 0 | -0- | Paid | -0- |
| | Last active 08/05 | *BU1 [Ind] | High limit Unknown | Monthly (O1) Commercial | | 04/03 | | | | |
| | Account closed by consumer 09/05 ||||||||||
| **PELLETTIERI** 30575 | 01/06 | 01/07 | — | — | 0 | 0 | 0 | -0- | Collection 01/07 Paid | -0- |
| | Last active — | *BU1 [Ind] | High limit — | Monthly (O9) | | | | | | |
| | MEDICAL; Paid collection; Closed 01/07 ||||||||||
| **ROGERS HOL** 60180 | 12/04 | 01/07 | 1,957 | 24 mos | 0 | 0 | 0 | -0- | Paid | -0- |
| | Last active 12/05 | BU1 BQ1 [Joint] | High limit 2,000 | Revolv (R1) Charge | | | | | | |
| **WASH MUTUAL/PROVIDIAN** 59538 | 08/04 | 01/07 | 992 | 29 mos | 0 | 0 | 0 | -0- | Paid | -0- |
| | Last active 12/05 | BX1 BU1 BQ1 [Ind] | High limit 1,000 | Revolv (R1) Credit card | | | | | | |
| **WFFINANCE** 10909 | 06/06 | 08/06 | 19,881 | 3 mos | 0 | 0 | 0 | -0- | Paid | -0- |
| | Last active 08/06 | BX1 [Joint] | High limit — | Install (I1) Auto | | | | | | |
| | Account closed 08/06 ||||||||||
| **WILSHIRE CREDIT CORP** 27137 | 09/95 | 08/05 | 11,000 | 52 mos | 1 | 1 | 25 | -0- | 015X $ — | -0- |
| | Last active 08/01 | *BX1 [Ind] | High limit — | Install (I) Second | | | 12/03 11/03 10/03 09/03 08/03 | | | |
| | Account transferred or sold; Closed 08/05 ||||||||||

http://ops.factualdata.com/j/mainnc?WTBX(CONSUMERCOPY(I=|Tr

"Exhibit B"

LAW OFFICES
# ROBERT J. SEMRAD & ASSOCIATES, L.L.C.

407 SOUTH DEARBORN STREET
SUITE 400
CHICAGO, ILLINOIS 60605

March 24, 2003

ROBERT J. SEMRAD, JR.
CHRISTIAN E. PETERSON

MARCIE O. VENTURINI
CRAIG Z. BLACK
RICHARD G. FONFRIAS
R. ELLIOTT HALSEY*
DAVID T. LIN

*ALSO LICENSED IN WASHINGTON D.C.

TELEPHONE
(312) 913-0625

FACSIMILE
(312) 913-0631

Dear valued client:

Erik Martin has decided to withdraw from the practice of law. I am taking over his cases to make sure that all of his clients' interests are served. As you know, I have worked with Erik Martin for many years supervising the firm. I have hired all of Erik Martin's former staff. Therefore, all of the bankruptcy attorneys formerly associated with Erik A. Martin, including the individual attorney you have been working with in regard to your Chapter 13 bankruptcy case, have joined my firm, the law offices of Robert J. Semrad & Associates.

If you desire, my firm has agreed to represent you for the remainder of your Chapter 13 bankruptcy case, and will do so—unless you notify me that you would like to change attorneys. Accordingly, I have filed a motion with the bankruptcy court to change the name of the firm representing you from Erik A. Martin & Associates to Robert J. Semrad & Associates. I have enclosed a copy of the motion for you to read. The proposed name change will have no impact on your case.

The individual attorney you have been working with will continue to represent you during the remainder of your case. The firm's address and phone number have not changed. Feel free to contact me at 312-913-0625 if you have any questions or concerns. If you wish to change attorneys, please contact me at the phone number above within the next twenty-one days, and I will arrange to transfer your file to your new law firm.

I appreciate your business and look forward to continuing to work with you.

Very truly yours,

Robert J. Semrad, Jr.

Ex. A
"Exhibit C"



Print - Close Window

**Subject:** James Bennett

**Date:** Fri, 10 Aug 2007 15:06:51 -0700

**From:** "████████████" <████████████@wamu.net>

**To:** accsvcgroup@yahoo.com

**Attachments**

Files:

📎 ████_WaMu_Referral_FORM_7_2007__2_.doc (34k) [Preview]

Exhibit B

# WaMu

**From the Desk of:**

~~M████████~~ ____(initial)
~~F████████████████~~

_____ ____(initial)

## Credit Repair Referral Form

Client name  James Bennnett
Cell Phone 708-935-9465  Home Phone 708-862-7777
Best time to call – Anytime
Work Phone _____ Other Contact Phone Number _____
Business Phone _____
Address_3260 Magnolia Drive
City, State, Zip  Markham IL 60428

DOB: 04/05/1963


*Type of loan applying for 20K*
*Date of Referral* _____
*Approximate Date of Return to WaMu* _____

*Current Credit Score* _____
*6-month Credit Score* _____ *(for office use)*
*12-month Credit Score* _____ *(for office use)*


## Suggested Most Critical Tradelines to Target (list by relevance):

| NAME (Creditor/Judgment/Lien) | STATUS OF TRADELINE (i.e collection, slow pay, derogatory) | NEEDED STATUS (i.e removal, paid as agreed, etc.) | OTHER COMMENTS |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

Exhibit B


**YAHOO! MAIL** Classic                                              Print - Close Window

**Subject:** RE: James Bennett
**Date:** Tue, 21 Aug 2007 09:04:11 -0700
**From:** "▓▓▓▓▓▓▓▓▓▓." <▓▓▓▓▓▓▓▓@wamu.net>
**To:** "Doneice Johnson" <accsvcgroup@yahoo.com>

I will give him a call. I am sorry for the late response I just came back from vacation. I spoke to Mr Bennett today he is very excited about his meeting with you and is in great expectations of the out come. I will pray that everything works out. Thanks again

**From:** Doneice Johnson [mailto:accsvcgroup@yahoo.com]
**Sent:** Saturday, August 11, 2007 9:11 AM
**To:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Subject:** RE: James Bennett

No I did not hear from Mr. Lucas. I can contact him if you think it will be productive -just send referral form with contact info. Thanks

"▓▓▓▓▓▓▓▓▓▓▓▓" <▓▓▓▓▓▓▓▓@wamu.net> wrote:

> Thanks. Did you ever hear from Mr Harold Lucas?

**From:** Doneice Johnson [mailto:accsvcgroup@yahoo.com]
**Sent:** Friday, August 10, 2007 7:37 PM
**To:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Subject:** Re: James Bennett

Thanks ▓▓▓▓, we are on it!!

I have spoke with Mr. Bennett and he is in the process of faxing over Credit Report, I will talk further with him on Saturday once I've reviewed Credit Report.

The issue appears to be, as you mentioned, Bankruptcy... we will do our best.

Doneice


Doneice Johnson
**ACCURATE SERVICES GROUP**
P.O. Box 178194
Chicago , Illinois 60617
773-221-3660 Office
773-221-3660 Fax
accsvcgroup@yahoo.com

Exhibit B